IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-14429-KMM

DERRICK COOPER,

    Petitioner,

v.

THE UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER STAYING CASE

THIS CAUSE came before the Court upon a sua sponte review of the record. Pending before the Court is Petitioner Derrick Cooper's Motion to Vacate Pursuant to 28 U.S.C. § 2255. Therein, Petitioner argues, among other things, that his trial counsel was constitutionally ineffective for telling him not to take a plea deal offered by the Government. Petitioner's case was referred to Magistrate Judge Patrick A. White, who issued a Report and Recommendation (ECF No. 45), recommending that Petitioner's Motion be granted and the Government be required to reoffer Petitioner the original plea agreement, with several changes regarding the drug-quantity amount due to the passage of the Fair Sentencing Act. Magistrate Judge White further recommended that, assuming Petitioner accepts the renewed plea offer, all necessary further proceedings be conducted to effectuate the original intent of the Parties, and that Petitioner be resentenced accordingly. In support of his Recommendation, Magistrate Judge White relied upon the Supreme Court's 2012 decision in Lafler v. Cooper, 132 S. Ct. 1376 (2012).

In Lafler, the Supreme Court set forth what was needed in order to establish constitutionally ineffective assistance of counsel in the context of a rejected plea offer. See Lafler, 132 S. Ct. at 1385. However, on October 8, 2013, the Supreme Court will hear arguments in Burt v. Titlow, Supreme Court Case No. 12-414. The issues presented in Burt include: (1) whether a convicted defendant's subjective testimony that he would have accepted a plea but for ineffective assistance, is, standing alone, sufficient to demonstrate a reasonable probability that defendant would have accepted the plea; and (2) whether Lafler always requires a state trial court to resentence a defendant who shows a reasonable probability that he would have accepted a plea offer but for ineffective assistance, and to do so in such a way as to remedy the violation of the defendant's constitutional right. Thus, Burt involves a very similar issue as the present action.

A federal district court has the inherent power to stay proceedings in one suit until the decision of another. See Landis v. North Am. Co., 299 U.S. 248 (1936); Gov't. of the Virgin Islands v. Neadle, 861 F. Supp. 1054 (M.D. Fla. 1994). The parties to the two causes and the issues involved do not need to be identical for a court to have the power to stay a case. See Landis, 299 U.S. at 254. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254–55; see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The district court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Where federal courts with concurrent jurisdiction are involved, there is no need to demonstrate compelling need for a stay, but merely that the stay is appropriate. Neadle, 861 F. Supp. at 1056. "Especially in cases

of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Landis, 299 U.S. at 256.  Here, Petitioner was tried and found guilty by a jury.  A fair sentence was imposed by this Court.  Petitioner now seeks for his conviction and sentence to be overturned, relying upon a case that is currently under review by the Supreme Court.  "The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." Neadle, 861 F. Supp. at 1055 (citing West Gulf Maritime Assn. v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985)).  This Court finds that the a stay is appropriate in the above-styled action, as the resolution of Burt v. Titlow will illuminate what the law requires for a Petitioner alleging constitutionally ineffective assistance of counsel where a plea offer was rejected and the Petitioner went to trial.

Accordingly, UPON CONSIDERATION of the pertinent portions of the record, it is hereby ORDERED AND ADJUDGED that the above-styled action is STAYED pending the issuance of an opinion by the Supreme Court in Burt v. Titlow.  The Clerk of the Court is directed to administratively CLOSE this case.  The Parties SHALL file a supplemental notice of authority within ten (10) days following the issuance of an opinion in Burt v. Titlow, at which time this case will be reopened.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of August, 2013.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All parties and counsel of record